**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**HENRIETTA AUSTIN,**

    **Plaintiff,**

v.                                              Case No. 3:15cv40/MCR/CJK

**FL HUD ROSEWOOD, LLC,**

    **Defendant.**

                                               /

## ORDER

Defendant FL HUD Rosewood, LLC's motion in limine, ECF No. 62, is now before the Court. As set forth below, the Court finds that Defendant's motion is due to be granted in part and denied in part.

Defendant first moves, on relevance grounds, to exclude any evidence, testimony, or argument that Plaintiff was subjected to a "suspension" or "mini-suspension" before she resigned on August 12, 2013. Defendant also seeks to preclude Plaintiff from offering any evidence at trial concerning her alleged constructive discharge. Defendant contends that such evidence relates only to Plaintiff's original claims for age discrimination, on which summary judgment was granted in its favor, and that it is not relevant to the retaliation claims that remain pending in this case. Defendant argues that any "infinitesimal" probative value this

evidence may have to Plaintiff's retaliation claim is far outweighed by the unfair prejudice it will have on Defendant.

The Court finds that Defendant's motion is due to be denied with respect to evidence that Plaintiff was briefly suspended before her resignation and to evidence of the factual circumstances surrounding Plaintiff's resignation, including her reasons for resigning.  A retaliation claim under the Age Discrimination in Employment Act (ADEA) requires proof that the plaintiff engaged in protected conduct, that she suffered an adverse employment action, and that there is a causal relationship between the two events.  *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002).  In this case, Plaintiff alleges that she engaged in protected conduct when she reported perceived age discrimination to management and that, as a result, she suffered adverse employment actions in the form of regular increased workloads. Plaintiff's final encounter with management, which she claims prompted her resignation, allegedly involved one such retaliatory imposition of extra duties and, when Plaintiff attempted to make another complaint, she was allegedly directed to clock out, accused of insubordination and told she would be reprimanded.  This evidence provides relevant contextual information and also is probative of whether or not management's conduct toward Plaintiff in increasing her workload amounted

to "adverse employment action" under the ADEA.[1] Evidence of Plaintiff's reaction to the challenged employment actions, including her ultimate decision to resign, is probative of whether she actually and reasonably believed that management's conduct was motivated by retaliatory animus. This evidence does not pose an unreasonably high risk of confusing the issues or misleading the jury, nor will its probative value substantially outweigh the danger of unfair prejudice such that it should be excluded under Rule 403.

The Court finds, however, that Defendant's motion should be granted with respect to the specific terms "constructive discharge" and "forced to resign" because their use, in any variation, would be irrelevant and unduly prejudicial under Rule 403. This language has a specific, highly prejudicial meaning both legally and in lay usage. As Plaintiff's constructive discharge claim did not survive summary judgment, there is no longer a basis in either the facts or the law for permitting the

---

[1] Regarding the "mini-suspension," the Court finds that this employment action may be considered "adverse" for purposes of a retaliation claim under the ADEA. *See* ECF No. 52 at 10 n.5. An "adverse employment action" in the retaliation context does not carry the restrictive definition that it does in the discrimination context. In particular, the anti-retaliation provision [of the ADEA], unlike the substantive portion, is not limited to discriminatory actions that affect the terms and conditions of employment." *Barnett v. Athens Regional Medical Center Inc.*, 550 F. App'x 711, 714 (11th Cir. 2013) quoting *Burlington N. & Santa Fe Ry. V. White*, 548 U.S. 53, 64 (2006). Instead, the test is whether "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id*. Further, "the significance of any given act of retaliation will often depend upon the particular circumstances. Context matters." *Id*. In this case, a reasonable jury could conclude from the circumstances surrounding Plaintiff's unpaid mini-suspension that management's actions might have deterred a reasonable employee from making or supporting a charge of discrimination. Therefore, evidence regarding the mini-suspension is relevant to Plaintiff's retaliation claim and admissible at trial.

use these terms to describe any aspect of this case. The Court thus grants Defendant's motion with respect to the terms "constructive discharge" and "forced to resign," or any variation thereof.

Defendant also moves to exclude any evidence, testimony, or argument that Plaintiff is entitled to back pay damages. In an age discrimination suit, a successful plaintiff may recover back wages from the date of her termination to the date of trial. *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1347 (11th Cir. 2000). As has already been noted, Plaintiff's age discrimination claim was terminated at summary judgment; therefore, it may not support a damages award in this case and evidence of lost wages related to that claim are inadmissible at trial. Likewise, evidence of lost wages from the time Plaintiff's employment ended are not admissible, given the Court's ruling on summary judgment that Plaintiff cannot prove a constructive discharge. However, Plaintiff may offer evidence in support of a claim for back wages with respect to the time period, however brief, that she was not paid during the so-called mini-suspension on her last day of work.

Accordingly, it is **ORDERED** that Defendant's motion in limine, ECF No. 62, is **GRANTED** in part and **DENIED** in part, as follows:

1. Defendant's motion is denied as to evidence that Plaintiff was briefly suspended before she resigned on August 12, 2013.

2. Defendant's motion is denied as to evidence of the factual circumstances surrounding Plaintiff's resignation and her reasons for resigning.

3. Defendant's motion is granted with respect to the terms "constructive discharge" and "forced to resign," or any variation thereof.

4. Defendant's motion is granted as to evidence that Plaintiff is entitled to back pay arising out of her original age discrimination claim and denied as to evidence regarding Plaintiff's entitlement to back pay as a result of her unpaid suspension on August 12, 2013.

**SO ORDERED**, on this 10th day of May, 2017.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**