UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HENRIETTA AUSTIN,

     Plaintiff,

v.                             Case No. 3:15-cv-40-MCR-HTC

FL HUD ROSEWOOD LLC,

     Defendant.

_____/

REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff Henrietta Austin ("Austin")'s motion for determination of amount of attorneys' fees (ECF Doc. 163). Defendant FL HUD Rosewood LLC ("Rosewood") filed a response in opposition. ECF Doc. 166. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.3. The Court held a hearing on September 30, 2020, which was attended by Attorneys Barlow and Odom for the Plaintiff and Mr. Harvey for the Defendant.[1] Upon consideration of

---

[1] As an initial matter, neither party requested an evidentiary hearing. Additionally, after the Court set the matter for hearing, the parties confirmed for the Court during a conference call that neither felt an evidentiary hearing is necessary. The Court agrees. As the Eleventh Circuit recognized in *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988)., attorney fee awards are generally based on affidavits and billing records submitted to the courts. *See, e.g., Norman*, 836 F.2d at 1303; *Dillard v. City of Greensboro*, 213 F.3d 1347, 1356 (11th Cir. 2000). While an evidentiary hearing may be necessary "where there is a dispute of material historical fact such as whether or not a case could have been settled without litigation or whether attorneys were

the parties' written submissions, argument and evidentiary materials, the undersigned recommends an award to Plaintiff of attorneys' fees of $74,295.00 and costs of $2,067.65, as the prevailing party.

## I.    BACKGROUND

In February 2015, Austin filed this action against her former employer, Rosewood, for age discrimination and retaliation.  ECF Doc. 1.  Counts One and Two of the complaint are for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 26 U.S.C. § 621, et seq., and Florida Civil Rights Act of 1992 ("FCRA"), respectively.  *Id.*  Counts Three and Four are for retaliation under the ADEA and FCRA, respectively.  *Id.*

Rosewood filed a motion for summary judgment on all claims in December 2015.  ECF Doc. 33.  In September 2016, the Court granted Rosewood's motion as to the age discrimination claims and denied the motion as to the retaliation claims.  ECF Doc. 52.  With regard to the discrimination claims, the Court determined that "Austin cannot show that the conduct rises to an intolerable level, as required to prove constructive discharge."  ECF Doc. 52 at 9.

After a failed settlement conference, the case proceeded to a 2-day trial on May 15, 2017.  ECF Doc. 75.  At the conclusion of the trial, the jury returned a

---

duplicating each other's work," there are no such factual disputes here that the Court cannot resolve through the parties' submissions.  *Norman*, 836 F. 2d at 1303-04.  The Court, nonetheless, proceeded with the hearing for purposes of hearing oral argument.

verdict in favor of Austin and awarded Austin compensatory damages of $125,000 for emotional distress. ECF Doc. 85. On June 1, 2017, Austin filed a motion for attorneys' fees, seeking a declaration that Austin is entitled to fees and costs as the prevailing party under the FCRA and ADEA. ECF Doc. 89. Rosewood filed a response to the motion in which it contested the right to fees and costs under the ADEA as the jury did not award damages to Austin under the ADEA and, while not contesting entitlement under the FCRA, asked the Court to withhold ruling because of a pending motion for new trial. ECF Doc. 92. Subsequently, a second failed settlement conference was held. ECF Doc. 93. The Court denied the motion for entitlement to fees without prejudice to re-filing. ECF Doc. 98.

As mentioned above, after the entry of judgment, and while Austin's motion for entitlement to fees was pending, Rosewood filed a motion for new trial or remittitur on the grounds that (1) Austin improperly presented evidence regarding her constructive discharge which was prohibited by the Court's order on a pretrial motion in limine; (2) there is no legal or evidentiary basis for the jury's award; and (3) juror number 3 should have been struck for cause after revealing he had "ethical disagreements with the court system and the legitimacy of the United States". ECF Doc. 90. The Court denied Rosewood's motion as to a new trial and granted the motion as to remittitur, remitting the jury's award to $25,000. ECF Doc. 96. The Court gave Austin fourteen (14) days to file a notice advising the Court whether she

agrees to the remittitur or elects to have a new trial solely on the issue of damages. *Id.* Austin elected a new trial. ECF Doc. 100.

Unhappy with the Court's denial of its motion for new trial, Rosewood filed a motion to certify the Court's denial for interlocutory appeal. ECF Doc. 101. The Court denied the motion, ECF 103, and a new trial was scheduled for October 9, 2018, ECF Doc. 106. That trial was canceled, however, because of inclement weather, and rescheduled for October 22, 2018. ECF Doc. 119. The jury returned a verdict on October 23, 2018, awarding Austin $20,000 in compensatory damages (thus an amount $5,000 less than what the Court had entered on remittitur). ECF Doc. 125.

Subsequently, Austin renewed her request for fees by filing a second motion to entitlement for fees. ECF Doc. 129. Rosewood filed a response, conceding Austin is the prevailing party under the FCRA but arguing Austin is not a prevailing party under the ADEA or the second trial. ECF Doc. 131. On November 20, 2018, Austin filed a notice of appeal, appealing the Court's summary judgment and other orders. ECF Doc. 132. Because of the appeal, the Court denied the second motion for fees subject to re-filing thirty (30) days after the resolution of the matter on appeal. ECF Doc. 147.

The Eleventh Circuit affirmed the District Court's judgment on October 28, 2019, and issued its mandate on November 26, 2019. ECF Docs. 153, 156. On

December 23, 2019, Austin filed a renewed motion for entitlement to fees and costs as the prevailing party under *only* the FCRA.  ECF Doc. 160.  As the Court noted in its order finding entitlement, Rosewood "does not oppose a reasonable award that takes into account the result, the effort by Plaintiff's counsel reasonably attributable to the final result, and excluding time spent on unsuccessful efforts."  ECF Doc. 161. Pursuant to the Court's Local Rules, Plaintiff filed the instant motion for a determination of the amount of attorneys' fees and costs.  ECF Doc. 163.

## II.    DISCUSSION

In *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), the United States Supreme Court established the framework and methodology for calculating the amount of a reasonable attorneys' fee award to a prevailing party.[2]  The starting point for such calculation is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" for the attorneys' services.  *Id.* at 433.  The product of these two numbers is generally referred to as the "lodestar."  *Pennsylvania v. Del. Valley Citizens' Council*, 478 U.S. 546, 563 (1986).

A fee applicant has the initial burden of establishing the reasonableness of the hourly rate by providing the court with "specific and detailed evidence from which the court can determine the reasonable hourly rate", such as records showing time

---

[2] The parties agree that Federal case law interpreting attorneys' fees awards under Title VII of the Civil Rights Act of 1964 is applicable to interpreting attorneys' fees awards under the FCRA.

spent on different claims that are set out with sufficient particularity so that the court can assess the time claimed for each activity. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Additionally, the Court's Local Rules require the moving party to support a motion for fees with (1) a declaration setting out the time devoted to the case by date and task; and (2) a declaration of an independent attorney addressing the reasonableness of the claimed time and rates. L.R. 54.1(F).

Likewise, "[t]hose opposing fee applications have obligations, too. In order for courts to carry out their duties in this area 'objections and proof from the opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" *Barnes*, 169 F.3d at 427. (quoting *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988)). This Court's Local Rules also require the opposing party to set out the rate the party asserts is reasonable if opposing the claimed hourly rate and to "identify the hours [to be reduced] or otherwise specifically describe the proposed reduction." L.R. 54.1(G).

## A. Lodestar Amount – Reasonable Hourly Rate

Austin seeks an award of $106,095.00 in attorneys' fees, consisting of 25.9 hours for attorney Bradley S. Odom, at a rate of $300/hour, and 348.1 hours for attorney Richard D. Barlow, at a rate of $285/hour. ECF Doc. 165-1 at 4. Austin also seeks $2,067.65 in costs, for a total award of $108,162.65. ECF Doc. 163. Austin supports her motion with an affidavit from attorney Barlow, attorney time

records, and the affidavit of Russell F. Van Sickle, Esq., as to the reasonableness of the time expended.  Van Sickle is an attorney at Beggs & Lane, RLLP, who has been in practice for twenty (27) years, is familiar with Plaintiffs' counsel, and also practices in the area of labor and employment.  ECF Doc. 165-1.

As set forth above, the lodestar amount is the product of a reasonable hourly rate and reasonable hours expended.  A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Maner v. Linkan LLC*, 602 F. App'x 489, 493 (11th Cir. 2015) (unpublished) (quoting *Norman*, 836 F.2d at 1299).  "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'"  *Barnes*, 168 F.3d at 437 (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).

Rosewood contends that Austin has failed to meet her burden of establishing the reasonableness of her attorneys' hourly rates.[3]  The undersigned disagrees.  In Van Sickle's affidavit, he opines that the rates sought by Austin are "reasonable and in line with, if not below, the prevailing market rate for this type of case."  ECF Doc.

---

[3] Despite making this argument, Rosewood does not state what it thinks the rate(s) should be or provide any evidence disputing the reasonableness of the rates sought, as required by the Court's Local Rules.  Additionally, at oral argument, Rosewood's counsel conceded that the hourly rates are reasonable.

165-1 at 27.  Van Sickle's affidavit meets the requirements set forth in this court's Local Rules.  *See* N.D. Fla. Loc. R. 54.1(E)(2).  Regardless, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  *Norman*, 836 F.2d at 1303-04.

Barlow has been in practice since 2000 and Odom has been in practice since 1991.  ECF Doc. 165-1 at 2.  Thus, at the time they were retained by Austin in 2013, Barlow had 13 years' of experience and Odom had 22 years' of experience.  Based on the undersigned's experience and knowledge, having practiced in civil litigation for more than twenty (20) years, the undersigned finds that the rates requested by Austin are reasonable.

The undersigned's determination is further supported by other published fee awards.  *See EEOC v. West Customer Mgmnt. Group, LLC*, *Mortgage Now, Inc.*, 310cv378MCR/CJK, 2015 WL 3750138 (N.D. Fla. June 15, 2015) (awarding rates at $350/ hour for attorneys with 23-24 years' experience and $250/ hour for an attorney with 12 years' experience); *Mortgage Now, Inc. v. Stone*, 309cv80MCR/CJK, 2015 WL 868067 at *3 (N.D. Fla. Feb. 27, 2015) (awarding fees at a rate of $400 for an attorney with 35 years' of experience and $200 with less than 1 year of experience); *Bier v. DeCay*, 2019 WL 1338422, 316cv142MCR-CJK (N.D.

Fla. Feb. 21, 2019) (reducing requested rate of $450 to $350 as the reasonable rate in this district for an attorney with 9 years' of experience).

## B. Lodestar – Reasonable Hours

The crux of Rosewood's objection is with the hours expended by Austin's counsel. Rosewood makes two arguments. First, Rosewood contends that the hours are not reasonable when considering the time spent on unsuccessful matters. Second, Rosewood contends that hours which are associated with block billing or vague entries, were for duplicative work, or were for clerical work are not reasonable and should be excluded. These arguments are addressed below.

### 1. <u>Unsuccessful Claims</u>

Rosewood argues in its opposition that 61.8 hours of time (equating to fees of $17,773.50) should be excluded "for an unsuccessful outcome". ECF Doc. 166 at 9. Plaintiff, on the other hand, argues there should be no reduction in her fee award because, regardless of whether judgment was awarded in favor of Rosewood on Plaintiff's discrimination claims, those claims "centered upon the same single set of facts" and are necessarily interrelated. ECF Doc. 164 at 6. According to Austin, the "same amount of time was required even with the ultimate failure of the age discrimination claim as the facts associated with Austin's discrimination claim were necessary to prove a good faith belief that she had when making complaints regarding the retaliation claim." ECF Doc. 164 at 7. Additionally, Austin argues

she won substantial relief when judgment was entered in her favor on the retaliation claim, another factor necessitating against a reduction in fees.

The issue of whether a fee award should be reduced when there are multiple claims asserted, but the fee applicant was successful on only some of the claims was the very issue addressed by the US Supreme Court in *Hensley*. *Hensley* involved a fee application under 42 U.S.C. § 1988 by the prevailing party. *See id.* at 424. Although the plaintiffs succeeded on only five of their six claims for constitutional violations, the district court failed to eliminate from the attorneys' fee award those hours the attorneys spent on the unsuccessful claims and the appellate court affirmed. *See id.* The Supreme Court reversed. *See id.*

The Supreme Court held that the lodestar amount may be adjusted downward depending on the "results obtained." *Id.* at 434 (internal quotation marks omitted). The *Hensley* Court made three pronouncements in its holding: First, where the claims in a suit are unrelated, "work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved,'" and thus "no fee may be awarded for services on the unsuccessful claim." *See Hensley*, 461 U.S. at 435. Second, "[w]here a plaintiff has obtained excellent results, the fee award should not be reduced simply because the plaintiff did not prevail on every contention raised in the lawsuit." *Id.* Third, when the prevailing party achieved only a "partial or

limited success," the lodestar figure "may be an excessive amount" because "the *most critical factor is the degree of success obtained*." *Id*. at 436.

The undersigned agrees that Austin's discrimination and retaliation claims are related. *See Abernethy v. Snow*, 151 F. App'x 896, 898 (11th Cir. 2005) (finding plaintiff's race discrimination claim and retaliation claim were directly related). The fact that the claims are related, however, does not necessarily preclude a reduction in the lodestar amount. *See Popham v. Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987) ("as *Hensley* itself indicates, a court can reduce attorneys' fees from the lodestar amount even though the unsuccessful and successful claims are related if the plaintiff obtained limited success").[4]   In fact, as Austin's counsel acknowledged at the hearing, it is within the Court's discretion to reduce a fee award based on the success of the results and the Court does not abuse that discretion if it sufficiently articulates the basis for the reduction.

Here, Austin was only successful on half of the claims she brought. Moreover, her ultimate recovery of $20,000 was less than the $25,000 the Court awarded her on remittitur and resulted in extending the litigation by more than two (2) years. *See Popham*, 820 F.2d at 1580-81 (finding that amount of recovery, as compared to amount sought, is a factor to consider in determining plaintiff's degree of success);

---

[4] The *Popham* court also rejected the plaintiff's argument that a recovery of $30,000 inherently constitutes significant relief prohibiting a reduction in the lodestar amount. *See Popham*, 820 F.2d at 1581.

3:15-cv-40-MCR-HTC

*United States v. Everglades College, Inc.*, 855 F.3d 1279, 1292 (11th Cir. 2017) (finding that amount of recovery is an appropriate consideration in awarding attorneys' fees and affirming district court's reduction of the lodestar amount by more than 95% based on relators' limited success at trial). The undersigned, thus, finds that the total hours expended by counsel should be reduced because the results obtained by Plaintiff were "limited in comparison to the scope of the litigation as a whole." *Id.*

In determining the amount of the reduction, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436-37 ("[t]here is no precise rule or formal for making these determinations"); *see also, Popham,* 820 F.2d at 1581 ("the Supreme Court explicitly stated that a court could simply reduce the award to account for the plaintiff's limited success instead of eliminating hours specifically expended on unsuccessful claims"). When the district court "reduce[s] the award to account for the limited success[,] [t]he court necessarily has discretion in making this equitable judgment." *Hensley*, 461 U.S. at 37.

a. Motion for Summary Judgment

In its written opposition, Rosewood seeks to reduce the fee award by 18.6 hours, for a reduction in the fee amount of $5,305.50, for hours related to responding to what Rosewood describes as Austin's "failed response to the Motion for Summary

Judgment". ECF Doc. 166 at 9. Rosewood identifies the entries sought to be excluded in Exhibit B7 of its opposition. ECF Doc. 166-8. In reviewing the entries, however, the undersigned could not decipher why Rosewood only sought to exclude 18.6 hours when it appears to the undersigned that a total of 40.7 hours ($11,601 in fees) was spent on the summary judgment response. When Rosewood's counsel was questioned at the hearing about Exhibit B7, he could not explain why only certain entries/hours were being disputed and, thus, stated that he was withdrawing the objection.

As stated above, it is the opposing party's burden to be specific and precise in their objections and to identify the hours sought to be reduced or specify the reduction in some other manner. Rosewood has failed to meet that burden here. In its opposition, Rosewood states that, "[t]he only noticeable time spent on litigating the ADEA claim is the Plaintiff's response to Summary Judgment. Plaintiff billed 18.6 hours in her failed response to the Motion for Summary Judgment in the amount of $5,305.50. Consequently, this Court should further reduce Plaintiff's fee request to account for a reduction in time spent pursing failed claims and at a minimum reduce it by $5,305.50." ECF doc. 166 at 9. This statement, however, does not comport with the entries identified in Exhibit B7. Instead, the entries identified appear to be for work that would be necessary for both the retaliation and discrimination claims such as drafting the statement of facts. The description of

work performed in those entries simply do not lend itself to a determination that it was for the discrimination versus the retaliation claim.

Although, as a practical matter, it cannot be disputed that Austin's counsel would have spent *some* less time on the motion for summary judgment had it also not included a discrimination claim, the undersigned does not find that a reduction here is appropriate. The time spent drafting the statement of facts and affidavit would be necessary for both claims. Additionally, some of the same legal research would apply to both claims. Thus, as both parties recognize, attempting to do a line by line reduction is not feasible because, as Rosewood puts it, "there is no possible way to distinguish between times spent pursing the failed ADEA claim and time spent pursuing the FCRA claim." ECF Doc. 166 at 9.

      b. Time Spent After the First Trial

Rosewood also seeks to exclude any time expended by Austin's counsel after the first trial, from May 30, 2017 to January 10, 2020. Namely, according to Rosewood's written materials it seeks to exclude 43.20 hours ($12,468) spent after the first trial. Rosewood identifies the disputed entries in Exhibit B6 to its opposition. ECF Doc. 166-7.

At the hearing, Austin's counsel argued that Austin should not be penalized for exercising her right to have a jury determine the amount of damages, which is what the Court would be doing if it was to exclude the time spent on the second trial

from the fee award. He argues that there was nothing unreasonable about Austin's choosing to proceed to a new trial rather than accept the remittitur amount.

The undersigned agrees that neither counsel's conduct nor Austin's in choosing to proceed with a new trial on damages was unreasonable. However, when it comes to prevailing party fees, the question is not necessarily whether a particular action taken was unreasonable. Rather, whether a reduction is appropriate depends on "the relationship between the extent of success and the amount of the fee award". *Hensley*, 461 U.S. at 438. Austin absolutely had the right to choose to proceed to a new trial, but in doing so she also took the risk that she was going to be unsuccessful. Given Austin's limited success after 2017, the undersigned finds that some reduction of time is appropriate.

The undersigned has reviewed Exhibit B6 and does not understand how Rosewood selected those entries. Notably, the majority of entries identified by Rosewood do not relate to responding to the motion for new trial, the second trial, or the appeal – matters on which Austin was unsuccessful, but instead, include time related to the motion for attorneys' fees, meeting with the client; settlement conferences, and successfully responding to Rosewood's request for interlocutory appeal. Thus, the undersigned did not rely on Exhibit B6.[5]

---

[5] Indeed, the entries in Exhibit B6 appear to more consistently comport with the time spent after the first trial that is compensable.

Based on the undersigned's review of the time entries after May 17, 2017, it appears that counsel expended 150.4 hours (for a total fee of $43,119) after the first trial. The undersigned finds that there should be some reduction in the time spent after the first trial and that such reduction should be based on a task by task analysis of the hours expended. *See Webster Greenthumb Co. v. Fulton, Ga.*, 112 F. Supp. 2d 1339, 1352 (S.D. Ga. 2000).

Specifically, the undersigned finds that a reduction is appropriate as to the time spent preparing for and attending the second trial and for work on the appeal. It cannot be credibly disputed that the time Plaintiff expended on those efforts was not successful. Plaintiff received an amount less than she received at the initial trial, she received an amount less than she was awarded on remittitur, and the judgment was affirmed by the Eleventh Circuit. The undersigned finds, however, that no reduction should be applied to Plaintiff's efforts in opposing the motion for a new trial (other than as to the time specifically identified as related to the remittitur) because Plaintiff was successful. Plaintiff successfully defeated Rosewood's request for a new trial on the merits. Indeed, Plaintiff is a prevailing party only because the jury's determination on liability remained intact.

As the chart, attached hereto, illustrates, the undersigned recommends a reduction of **104.60 hours** totaling **$29,935.50** in fees.[6]

### 2. Block Billing, Vagueness, Duplication and Clerical Entries

As mentioned above, Rosewood also takes issue with the following "categories" of fees: (1) fees that are associated with block billing; (2) fees billed by attorneys for clerical or paralegal work; (3) fees billed for duplicative work; and (4) fees that contain insufficient detail. "[A]ll reasonable expenses and hours incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988," *Barnes,* 168 F.3d at 427 (11th Cir. 1999) (quoting *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983)), but "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" because, for example, the case is overstaffed. *Hensley,* 461 U.S. at 434.

### a.     Block Billing

Rosewood objects to 28.80 hours for a fee mount of $8,277 related to entries that contain block billing. *See* ECF Doc. 166-2, Exhibit B1. "'Block billing' occurs when an attorney lists all the day's tasks on a case in a single entry, without separately

---

[6] As noted on the chart, some reductions were based on a determination of unreasonableness made by Austin's expert, attorney Van Sickle or for another basis.

identifying the time spent on each task." *Ceres Envtl. Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 203 (11th Cir. 2012). In *Barnes,* the Eleventh Circuit noted that block billing results in "imprecision" in an attorney's records and described it as a "problem" for which the opponent should not be "penalized." *Barnes*, 168 F.3d at 429. Thus, the court approved the opponent's solution of dividing each day's hours by the number of tasks listed and assigning the quotient to each task. *See id.* Courts have also approved across-the-board reductions in block-billed hours to offset the effects of block billing. *See, e.g., Kearney v. Auto–Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1377–78 (M.D. Fla. 2010); *Lil' Joe Wein Music, Inc. v. Jackson*, 2008 WL 2688117 at *13 (S.D. Fla. 2008).

While block billing does make it more difficult for the Court to apportion the amount of time spent on tasks that are compensable versus those that are not, the undersigned does not find a wholesale reduction of block-billed hours to be appropriate here. First, the undersigned notes that the use of block-billing was minimal. Rosewood identified only 8 entries in 6 years' worth of billing that it disputes as block billing, and the undersigned has identified only an additional 8. The majority of entries, however, contain purely compensable entries, such as tasks related to trial preparation and working on matters related to the trial and thus no reduction is warranted. *See EEOC, LLC*, 2015 WL 3750138 at *2 ("The Court rejects as lacking merit the EEOC's objection to Attorney Weisbart's 13 hours of

'block billing,' and finds it was not unreasonable to categorize trial preparation as a single task in this manner."); *see also, Williams*, 657 F. Supp. 2d at 1312 (rejecting reduction of fee based on block billing where "vast majority of entries encompass small increments of time and each of those entries describes a single, discrete task; and where there are multiple entries, those entries are not so vague or confusing that it makes it impossible to determine how the time was spent").

Where both compensable and non-compensable tasks were included, the undersigned reduced the award based on the time expended the undersigned believes was reasonably related to the non-compensable task(s).  The undersigned has reviewed the entries identified in Exhibit B1, and finds that  Austin's recovery should be reduced by **1.6 hours** for a total of **$456**, as set forth below:

| Date | Rate | Hours Claimed | Amount Claimed | Description | Hours Reduced | Amount Reduce | Reason for reduction |
|---|---|---|---|---|---|---|---|
| 8/5/13 | 285 | 1.4 | $ 399.00 | attention to file; draft and edit charge of discrimination; draft and edit letter to client | 1 | $ 285.00 | ambiguous or clerical, and related to failed claim; only time allowed is for letter to client |
| 3/25/14 | 285 | 0.3 | $ 85.50 | attention to file; draft and edit letter to EECO re amended charge of discrimination | 0.3 | $ 85.50 | ambiguous or clerical, and related to failed claim |
| 1/29/15 | 285 | 0.8 | $ 228.00 | review documents provided by client, edit complaint accordingly, draft civil cover sheet | 0 | $ - | no reduction because all tasks are compensable |
| 1/11/16 | 285 | 7.7 | $ 2,194.50 | draft additional portions of memorandum in opposition to motion for summary judgment; legal research re same; edit portions of memorandum in opposition to motion for summary judgment | 0 | $ - | addressed as part of summary judgment reduction |
| 10/17/16 | 285 | 0.5 | $ 142.50 | review email from opposing counsel re settlement conference; review response from law clerk re same; draft directions to staff to alert client to upcoming settlement conference | 0.3 | $ 85.50 | reduced for clerical tasks |
| 4/24/17 | 285 | 2.3 | $ 655.50 | draft portion of jury instructions; draft proposed verdict form; office conference with BSO re defendant's motion in limine | 0 | $ - | no reduction because all tasks are compensable |
| 5/16/17 | 285 | 12.2 | $ 3,477.00 | prepare for and attend trial; legal research re various issued raised during trial; office conference with client discussing strategy and potential outcome; office conference with BSO re Judge's ruling on punitive damage | 0 | $ - | no reduction because all tasks are compensable |
| 5/22/17 | 300 | 0.6 | $ 180.00 | review judgment; review bill of costs form and rule delineated within which it is to be filed; conference with staff explaining taxable costs to be completed; review local rule delineating time frame within which to file motion for attorneys' fees and also review bifurcated process; dictate portion of motion re entitlement to attorneys fees as a prevailing party; conference with RDB discussion motion and deadlines | 0 | $ - | no reduction because all tasks are compensable |
| 9/25/18 | 285 | 3 | $ 855.00 | prepare for and attend pretrial conference; office conference with BSO re same | 0 | $ - | no reduction because all tasks are compensable |
| Total | | | | | 1.6 | $ 456.00 | |

a. Clerical Work

Rosewood objects to 3.60 hours of time ($1,030.50), which it contends was spent on clerical work.[7]  ECF Doc. 166-3, Exhibit B2.  Secretarial work is not recoverable under an attorney's fee application.  *See Williams v. R.W. Cannon, Inc.,*

---

[7] The undersigned notes that Austin is not seeking any time for paralegal work and according to Mr. Odom, the firm does not (or did not) employ a paralegal.

657 F. Supp. 2d 1302, 1310 (S.D. Fla. 2009). Similarly, "clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers" are also not recoverable. *Id.* at 1310-11.

As an initial matter, Plaintiff's expert, attorney Van Sickle, identified 1.1 hours of Barlow's time ($313.50) as duplicative, for clerical work, or otherwise unreasonable and 1.9 hours ($570) of Odom's time as unreasonable for the same reasons. In addition to those entries, the undersigned has reviewed the entries disputed by Rosewood in Exhibit B2 and finds that **1.5 hours** of the disputed entries are for clerical work and, thus, the fee award should be reduced by **$432**, as shown below:

| Date | Rate | Hours Claimed | Amount Claimed | Description | Hours Reduced | Amount Reduced | Reasoning |
|---|---|---|---|---|---|---|---|
| 9/4/13 | 300 | 0.1 | $ 30.00 | file review | 0.1 | $ 30.00 | clerical and ambiguous |
| 12/27/13 | 300 | 0.2 | $ 60.00 | file review; memorandum to RDB re same | 0.2 | $ 60.00 | clerical and ambiguous |
| 3/13/14 | 285 | 0.1 | $ 28.50 | edit memorandum to file re conversation with EEOC | 0 | $ - | |
| 3/3/14 | 285 | 0.3 | $ 85.50 | attention to file (.1); draft directions to staff re notice of right to sue (.1); office conference with BSO re same (.1) | 0.2 | $ 57.00 | clerical and ambiguous |
| 2/10/15 | 285 | 0.2 | $ 57.00 | edit civil cover sheet | 0.2 | $ 57.00 | clerical |
| 4/10/15 | 285 | 0.7 | $ 199.50 | draft and edit Rule 26(a)(1) disclosures | 0 | $ - | |
| 8/25/15 | 285 | 0.2 | $ 57.00 | draft and edit letter to client re upcoming deposition | 0 | $ - | |
| 8/27/15 | 285 | 0.1 | $ 28.50 | executed subpoenas for upcoming depositions | 0.1 | $ 28.50 | clerical |
| 10/20/15 | 285 | 0.3 | $ 85.50 | draft and edit supplemental disclosures | 0 | $ - | |
| 10/14/16 | 285 | 0.8 | $ 228.00 | prepare for telephone conference with opposing counsel (.3); attend telephone conference (.3); follow up with staff re same (.1); review email from opposing counsel to court re settlement conference (.1) | 0.1 | $ 28.50 | clerical and ambiguous re follow up with staff |
| 11/17/16 | 285 | 0.3 | $ 85.50 | review emails from law clerk re rescheduling of settlement conference; respond to same | 0.3 | $ 85.50 | clerical |
| 5/2/17 | 285 | 0.3 | $ 85.50 | edit and finalize trial subpoenas for expected witnesses | 0.3 | $ 85.50 | clerical |
| Total | | 3.6 | $ 1,030.50 | | 1.50 | $ 432.00 | |

Rosewood also objects to time spent on office conferences, namely between the two counsel. *See* 166-4, Exhibit B3. The undersigned does not agree that time spent on office conferences between two counsel working on the same matter is inherently unreasonable. *See City of Riverside v. Rivera*, 477 U.S. 561, 573 n. 6, (1986) (allowing compensation for productive attorney discussions and strategy conferences). "Time spent in attorney conferences is generally compensable for each participant" since it is necessary for the attorneys to "spend at least some of

their time conferring with colleagues, particularly their subordinates to ensure that a case is managed in an effective as well as efficient manner." *Williams*, 657 F. Supp. 2d at 1312, (citing *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County*, 278 F. Supp. 2d 1301, 1361 (M.D. Fla. 2003)). While such conferences may be excessive, Rosewood has not made that argument here and the undersigned does not find that 16.4 hours of office conferences over a 7-year span to be excessive or unreasonable. Thus, the undersigned does not find that any reduction is warranted for attorney conferences as identified in the disputed entries.

b. Duplicative Work

Rosewood objects to 13 hours of time expended ($5,163) as being duplicative, i.e., the same work being done by two counsel. ECF Doc. 166-5; Exhibits B4.[8] Work performed by multiple attorneys, however, is not subject to reduction where the attorneys were not unreasonably doing the same work. *Jones v. Central Soya Co.*, 748 F.2d 586, 594 (11th Cir. 1984); *Johnson v. University College*, 706 F.2d 1205, 1208 (11th Cir. 1983). As the Eleventh Circuit has recognized, "[t]here is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are

---

[8] Based on the undersigned's review, it does not appear that any of the entries identified by Van Sickle as duplicative" were included in B-4.

being compensated for the distinct contributions of each lawyer." *See Norman*, 836 F.2d at 1302.

The undersigned has reviewed the disputed entries identified by Rosewood and does not find any unnecessary duplication of work, outside of what has already been identified by Van Sickle, between the two attorneys who worked on this file.  To the contrary, the undersigned notes that even where both attorneys were drafting or editing, the hours spent by Odom was significantly minor to the time expended by Barlow.  Moreover, the undersigned finds that having more than one attorney in a case of this nature is not unusual or excessive.  *See EEOC*, 2015 WL 3750138 at *2. Thus, the undersigned disagrees with Rosewood's request for reduction as identified on B4 for duplicative work.

c.  Vague Entries

Rosewood objects to 15.60 hours that it contends contain vague and insufficient entries, for a reduction of $5,163.  ECF Dc. 166-6, Exhibit B5.  Based on the undersigned's review of the disputed entries, the undersigned agrees that **.3 hours** relate to vague entries and, thus, the award should be reduced by **$90**. specifically, the undersigned agrees the following entries are vague:

| Date | Rate | Hours Claimed | Amount Claimed | Description | Hours Reduced | Amount Reduced | Reason for reduction |
|---|---|---|---|---|---|---|---|
| 4/23/13 | 285 | 3.9 | $ 1,111.50 | office conference with H. Austin re potential claim 92.2); legal research re same (1.5); office conference with BSO re claim and agree upon plan of action for proceeding | 0 | $      - | |
| 5/20/13 | 285 | 0.4 | $    114.00 | review documents provided by H. Austin | 0 | $      - | |
| 9/4/13 | 300 | 0.1 | $     30.00 | file review | 0.1 | $     30.00 | ambiguous |
| 12/27/13 | 300 | 0.2 | $     60.00 | file review; memorandum to RDB re same | 0.2 | $     60.00 | ambiguous |
| 3/3/14 | 285 | 0.1 | $     28.50 | attention to file | 0 | $      - | Already reduced as clerical |
| 1/29/15 | 285 | 0.8 | $    228.00 | review documents provided by client; edit complaint accordingly; draft civil cover sheet | 0 | $      - | Did not reduce here or as improper block billing |
| 9/8/15 | 285 | 4.9 | $ 1,396.50 | review documents to prepare for upcoming depositions; office conference with client preparing her for same | 0 | $      - | |
| 1/8/16 | 285 | 4.7 | $ 1,339.50 | summarize remainder of depositions (2.1); draft and edit letter to client requesting that she review various submissions filed by defendant (.2); review documentary evidence filed by defendant (2.0); outline statement of facts (.3); research changes to local rules re filing of responses (.1) | 0 | $      - | |
| 4/25/17 | 285 | 0.5 | $    142.50 | review documents provided by defendant for pretrial matters; draft response to same | 0 | $      - | |
| | | | | | | | |
| total | | 15.6 | $ 4,450.50 | | 0.3 | $     90.00 | |

## III.    CONCLUSION

For the reasons set forth above, the undersigned finds that rates of $285 for

Barlow and $300 for Odom are reasonable and are consistent with prevailing market

rates in the Northern District of Florida at the time the attorneys were retained.  The

undersigned also finds that the total fee award sought of $106,095, should be reduced

by $29,935.50 (consisting of 104.6 hours) for pursuing unsuccessful matters; $456

(1.6 hours) for non-compensable matters contained in block billing; $432 (1.5 hours) for clerical matters; $90 (.3 hours) for vague entries, and $886.50 (3 hours) as determined to be unreasonable by Van Sickle. Thus, the undersigned finds that, after these reductions, Plaintiff should recover fees of $74,295.00 and costs of $2,067.65.

Accordingly, it is respectfully recommended that,

1.     Plaintiff's Motion for Determination of Attorneys' Fees and Costs (ECF Doc. 163) be GRANTED in part.

2.     That Plaintiff be awarded fees of $74,295.00 and costs of $2,067.65.

3.     That a judgment be entered in favor of Plaintiff for the total amount of $76,362.65.

DONE this 6th day of October, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE TO THE PARTIES</u>**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

| DATE | RATE | HOURS CLAIMED | HOURS EXCLUDED | AMOUNT CLAIMED | AMOUNT EXCLUDED | DESCRIPTION | OTHER REASON FOR DEDUCTION |
|---|---|---|---|---|---|---|---|
| 5/30/17 | $ 300.00 | 0.6 | 0.1 | $    180.00 | $    30.00 | Office conference with RDB discussing Rule 59 deadlines, also discussing status of motion for attorneys' fees and bill of costs; review local rule requirements re bill of costs and required notice pursuant to same, also discussing appellate issues as well as strategy for upcoming Court's ordered mediation | .1 for appellate issues |
| 5/30/17 | $ 285.00 | 1.2 | 1.1 | $    342.00 | $    313.50 | draft and edit remaining portion of notice of taxation of costs, along with designation of the attachments to notice; office conference with BSO discussing motion for attorney's fees and various potential appellate issues | .1 for appellate issues |
| 6/15/17 | $ 300.00 | 2.8 | 0.8 | $    840.00 | $    240.00 | Edit portion of memorandum addressing new trial standard; legal research on standard for remittitur; dictate section of memorandum outlining standard for remittitur | .8 for unsuccessful claim - remittitur |
| 6/16/17 | $ 300.00 | 3.6 | 3.6 | $ 1,080.00 | $ 1,080.00 | Dictate portions of memorandum and response re remittitur and case law establishing permissible range of mental and emotional distress awards without expert testimony; edit previously drafted portions | |

| Date | Rate | | | | | | Description | Notes |
|---|---|---|---|---|---|---|---|---|
| 6/27/17 | $ 300.00 | 0.3 | 0.1 | $ | 90.00 | $ | 30.00 | Legal research re weight of authority to be given to cases concerning mental and emotional distress awards; provide case law to RDB and discuss same, also discuss defendant's argument concerning court's not striking juror for cause in case law indicating the issue is waived if the defendant exercises a peremptory challenge, also discussing fact that defendant did not articulate on record that it would have used it peremptory challenge against another juror had its motion to strike for cause been granted | .1 for unsuccessful claim - remittitur |
| 2/15/18 | $ 300.00 | 0.4 | 0.4 | $ | 120.00 | $ | 120.00 | review order from court remitting jury's award; discuss same with RDB | |
| 2/15/18 | $ 285.00 | 0.4 | 0.4 | $ | 114.00 | $ | 114.00 | review order from court remitting jury's award; office conference with BSO re same | |
| 2/22/18 | $ 285.00 | 0.1 | 0.1 | $ | 28.50 | $ | 28.50 | Telephone call to client - left message | .1 excessive |
| 3/1/18 | $ 285.00 | 1.2 | 1.2 | $ | 342.00 | $ | 342.00 | Telephone conference with client discussing issues and risks associated with new trial; draft and edit notice for new trial | |
| 03/06/2018 | $ 285.00 | 0.2 | 0.2 | $ | 57.00 | $ | 57.00 | Draft and edit notice of unavailability; review order on attorneys' fees | No reduction here b/c reduced by Van Sickle |
| 3/13/18 | $ 300.00 | 0.1 | 0.1 | $ | 30.00 | $ | 30.00 | Review order from court re information needed prior to setting of new trial date | |
| 3/16/18 | $ 285.00 | 0.2 | 0.2 | $ | 57.00 | $ | 57.00 | Telephone conference with opposing counsel re to court on expected length of trial; review order re same | |

| Date | Rate | Hours | Hours | Amount | Amount | Description | Notes |
|---|---|---|---|---|---|---|---|
| 3/20/20 | $ 285.00 | 1.1 | 0.1 | $ 313.50 | $ 28.50 | draft response to defendant's motion to certify Order for interlocutory Appeal and stay of pending resolution of appeal; review email from opposing counsel re notice of trial length; directions to staff re same | .1 for directions to staff as clerical and ambiguous |
| 5/16/18 | $ 285.00 | 0.1 | 0.1 | $ 28.50 | $ 28.50 | Office conference with BSO re order setting trial date and pre-trial conference | |
| 5/20/18 | $ 285.00 | 0.2 | 0.2 | $ 57.00 | $ 57.00 | Draft motion to reschedule trial | |
| 5/21/18 | $ 300.00 | 0.1 | 0.1 | $ 30.00 | $ 30.00 | Conference with RDB discussing his intent to file motion to continue trial | |
| 5/21/18 | $ 285.00 | 0.4 | 0.4 | $ 114.00 | $ 114.00 | Office conference with BSO discussing motion to continue trial; telephone conference with opposing counsel; edit, finalize, and file motion to continue trial | |
| 5/29/18 | $ 285.00 | 0.2 | 0.2 | $ 57.00 | $ 57.00 | Review order setting trial; draft and edit letter to client re same | |
| 6/26/18 | $ 285.00 | 0.1 | 0.1 | $ 28.50 | $ 28.50 | Review e-mail from JA re setting trial | |
| 8/2/18 | $ 285.00 | 0.1 | 0.1 | $ 28.50 | $ 28.50 | Directions to staff re upcoming deadlines | |
| 8/13/18 | $ 285.00 | 2.6 | 0.3 | $ 741.00 | $ 85.50 | attention to file (.3); prepare for an attend attorney's conference (1.9); office conference with BSO re same (.1); telephone call to client re same (.3) | .3 for attention to file - vague, clerical |
| 8/14/18 | $ 285.00 | 0.2 | 0.2 | $ 57.00 | $ 57.00 | Draft and edit e-mail to opposing counsel re pretrial stipulation | |
| 9/17/18 | $ 285.00 | 4.2 | 4.2 | $ 1,197.00 | $ 1,197.00 | Draft and edit e-mail to opposing counsel re pretrial stipulation; review response to same; review pretrial stipulation prepared by defendant; file review re witnesses and exhibits; draft witness and exhibit list; telephone conference with client re status; edit response to motion in limine | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 9/18/18 | $ 285.00 | 7.2 | 7.2 | $ 2,052.00 | $ 2,052.00 | Telephone conferences to and from opposing counsel re pretrial stipulation (1.7); numerous e-mails to and from opposing counsel re pretrial stipulation (1.9); edit exhibit and witness list (.8); review defendant's witness and exhibit lists (1.5); draft and edit objections to defendant's exhibit lists (1.3) | |
| 9/19/18 | $ 285.00 | 1.2 | 1.2 | $ 342.00 | $ 342.00 | Finalize and file proposed jury instructions and verdict form | |
| 9/24/18 | $ 285.00 | 2.8 | 2.8 | $ 798.00 | $ 798.00 | File review to prepare for upcoming pretrial conference | |
| 9/25/18 | $ 300.00 | 0.3 | 0.3 | $ 90.00 | $ 90.00 | Conference with RDB re pretrial conference and results of same as well as impact of rulings on theory of case and strategy | |
| 9/25/18 | $ 285.00 | 3 | 3 | $ 855.00 | $ 855.00 | Prepare for and attend pre-trial conference; office conference with BSO re same | |
| 9/26/18 | $ 285.00 | 0.1 | 0.1 | $ 28.50 | $ 28.50 | Review e-mail and attachments from clerk re upcoming trial | |
| 10/1/18 | $ 285.00 | 0.6 | 0.6 | $ 171.00 | $ 171.00 | Review pre-trial order; directions to staff re subpoena for Ms. Williamson; draft and edit letter to process server for subpoena for P. Williamson | unsuccessful claim and clerical |
| 10/2/18 | $ 285.00 | 5.2 | 5.2 | $ 1,482.00 | $ 1,482.00 | Prepare for trial; outline expected client testimony | |
| 10/3/18 | $ 285.00 | 8.9 | 8.9 | $ 2,536.50 | $ 2,536.50 | Prepare for trial; office conference with client to prepare expected testimony | |
| 10/4/18 | $ 300.00 | 0.5 | 0.5 | $ 150.00 | $ 150.00 | Office conference with RDB discussing trial strategy and | |
| 10/4/18 | $ 285.00 | 8.3 | 8.3 | $ 2,365.50 | $ 2,365.50 | Prepare for trial; review prior trial transcript; office conference with BSO discussing trial strategy | |
| 10/5/18 | $ 285.00 | 7.7 | 7.7 | $ 2,194.50 | $ 2,194.50 | Prepare for trial; office conference with client preparing testimony | |
| 10/7/18 | $ 285.00 | 5.4 | 5.4 | $ 1,539.00 | $ 1,539.00 | Prepare for trial; office conference with client to prepare for direct examination | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 10/8/18 | $ 285.00 | 5.2 | 5.2 | $ 1,482.00 | $ 1,482.00 | Prepare for trial (3.7); telephone conferences with client re rescheduling trial (.2); review e-mails from JA re continuance of trial (.2); office conferences with BSO re rescheduling trial and other issues (.6); telephone conference with opposing counsel re same (.2); directions to staff re same (.1); review order continuing trial (.1); directions to staff re same (.1) | |
| 10/8/18 | $ 300.00 | 0.6 | 0.6 | $ 180.00 | $ 180.00 | Conference with RDB discussing storm's potential effect on trial (.2); strategy for damages presentation and arguments on same (.3); discuss e-mail from Court with RDB re scheduling issues related thereto (.1) | |
| 10/17/18 | $ 285.00 | 3.5 | 3.5 | $ 997.50 | $ 997.50 | Continue trial preparation | |
| 10/19/18 | $ 285.00 | 6.7 | 6.7 | $ 1,909.50 | $ 1,909.50 | Prepare for trial (4.3); office conference with client to prepare expected testimony and expected cross-examination (1.7); discuss exhibits with client (.7) | |
| 10/21/18 | $ 285.00 | 7.1 | 7.1 | $ 2,023.50 | $ 2,023.50 | Prepare for trial (5.9); office conference with client to prepare for expected testimony (1.2) | |
| 10/22/18 | $ 300.00 | 0.3 | 0.3 | $ 90.00 | $ 90.00 | Conference with RDB discussing trial strategy in light of makeup for jury and strategies for tailoring evidence for | |
| 10/22/18 | $ 285.00 | 9.5 | 9.5 | $ 2,707.50 | $ 2,707.50 | Prepare for and attend trial; office conference with BSO re same; office conference with client re same | |
| 10/23/18 | $ 300.00 | 0.2 | 0.2 | $ 60.00 | $ 60.00 | Conference with RDB discussing verdict rendered, time frames within which to submit motion for attorneys fees and time frame for decision re appeal | |
| 10/23/18 | $ 285.00 | 2.9 | 2.9 | $ 826.50 | $ 826.50 | Attend trial; office conference with client re same; office conference with BSO re verdict Office conference with BSO re his legal research re plaintiff's status as a prevailing party | |

| Date | Rate | Hours | Hours | Amount | | Amount | | Description | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 10/24/18 | $ 300.00 | 0.5 | 0.5 | $ | 150.00 | $ | 150.00 | legal research re plaintiff's status as a prevailing party under the ADEA in light of the unavailability of nonpecuniary compensatory damages but the availability of nominal damages; discuss research results with RDB | no fees sought under the ADEA |
| 11/5/19 | $ 285.00 | 0.5 | 0.5 | $ | 142.50 | $ | 142.50 | Review order on appeal | |
| 11/26/19 | $ 300.00 | 2.9 | 0.1 | $ | 870.00 | $ | 30.00 | Review mandate (.1); review substitution of counsel (.1); legal research on attorney fee issues and possible enhancement (.9); edit motion for attorneys fees (1.4); dictate memorandum to RDB re issuance of mandate and attorney fee issues and provide draft motion (.4) | unsuccessful appeal |
| 11/27/19 | $ 300.00 | 0.2 | 0.1 | $ | 60.00 | $ | 30.00 | Conference with RDB discussing issuance of mandate, need to file motion for attorneys fees and research results from legal research on theories for same | unsuccessful appeal |
| 11/27/19 | $ 285.00 | 0.3 | 0.1 | $ | 85.50 | $ | 28.50 | Office conference with BSO re Eleventh Circuit issuance of mandate; discuss strategy moving forward and items to be accomplished | unsuccessful appeal |
| 12/10/19 | $ 285.00 | 0.1 | 0.1 | $ | 28.50 | $ | 28.50 | Office conference with staff re information needed to respond to defendant's request for hours expended | .1 clerical |
| 12/17/19 | $ 300.00 | 0.5 | 0.5 | $ | 150.00 | $ | 150.00 | review and edit motion for attorneys fees | |
| 12/17/19 | $ 285.00 | 0.5 | 0.5 | $ | 142.50 | $ | 142.50 | edit motion for attorney's fees; draft and edit email to opposing counsel re same | |
| 12/20/19 | $ 285.00 | 0.5 | 0.5 | $ | 142.50 | $ | 142.50 | draft and edit email to opposing counsel requesting update on defendant's position on renewed motion for attorney's fees; review response to same; edit local rule coordination statement in motion | |
| 12/23/19 | $ 285.00 | 0.2 | 0.2 | $ | 57.00 | $ | 57.00 | edit and finalize motion for entitlement to attorney's fees | |

104.6                    29935.5