**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**HENRIETTA AUSTIN,**

    **Plaintiffs,**

v.                                                    CASE NO. 3:15cv40-MCR/HTC

**FL HUD ROSEWOOD LLC,**

    **Defendant.**
_____/

## ORDER

This matter is before the Court on review of the Magistrate Judge's Report and Recommendation ("R&R") dated October 6, 2020, awarding Plaintiff Henrietta Austin attorney's fees in the amount of $74,295 and costs in the amount of $2,067.65. ECF No. 176. Austin has filed objections to the fee award, ECF No. 177, and Defendant FL Hud Rosewood, LLC ("Rosewood") has responded, ECF No. 178. Having fully and carefully considered the objections *de novo*, *see* 28 U.S.C. § 636(b)(1)(B), the Court finds it appropriate to adopt the Report and Recommendation, in part.

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1)(B). Portions to which there is no objection are reviewed for clear error on the face of the

record. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court notes initially that the Magistrate Judge correctly recited the procedural background of the case and the applicable law, which are adopted and incorporated here by reference and restated only briefly. Austin brought suit against Rosewood, her former employer, on claims of age discrimination and retaliation, in violation of the federal Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. and the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq*. Rosewood prevailed at the summary judgment stage on the age discrimination claim, but Austin prevailed at trial on the retaliation claim. The jury awarded her $125,000 in damages, which the Court remitted to $25,000. Rather than accept the remittitur, Austin elected to proceed with a second jury trial on damages, where she was awarded $20,000. The Eleventh Circuit affirmed. *See Austin v. FL HUD Rosewood LLC*, 791 F. App'x 819 (11th Cir. 2019).

The Court determined that Austin is entitled to an award of attorney's fees as the prevailing party on the retaliation claim, and the amount of fees is at issue. Austin requested attorney's fees in the amount of $106,095 supported by the affidavit of her attorney, Richard D. Barlow, and the expert attorney affidavit of

Russell F. Van Sickle. She also requested costs in the amount of $2,067.65. Rosewood filed objections to the fee request and the matter was referred to the assigned Magistrate Judge. After hearing oral argument, the Magistrate Judge determined the reasonable hourly rates for Austin's attorneys ($300 for Mr. Bradley Odom, and $285 for Mr. Barlow), which have not been challenged. She also carefully considered each of Rosewood's objections and conducted a line-by-line review of the time entries after concluding that some reduction in the time spent in preparing for and attending the second trial and for work on the appeal. The R&R identified excluded time entries related to the unsuccessful second damages trial and appeal ($29,935.50);[1] certain block entries ($456); time considered clerical ($432); vague entries ($90); and time that Mr. Van Sickle deemed unreasonable ($886.50[2]). Subtracting these amounts, the Magistrate Judge recommended an attorney's fee award of $74,295, plus costs in the amount of $2,067.65.

Austin objects to the reductions, arguing: (1) the Magistrate Judge erred by double-counting the reduction for fees that Austin's expert found unreasonable,

---

[1] The Magistrate Judge did not deduct the entries Rosewood listed on its exhibit B6, which totaled $12,468, finding that these entries were spent on prevailing party matters. ECF No. 166-7. However, the Magistrate Judge considered the line item billing herself and identified entries that in fact were spent on the unsuccessful damages trial, which were then excluded. They are listed on a chart attached to the Report and Recommendation.

[2] The time deemed unreasonable in Mr. Van Sickle's affidavit (1.1 hours at the rate of $285 and 1.9 hours at the rate of $300) adds up to $883.50. Although the figure of $886.50 appears to be a typographical error, it is used because it is the amount that was excluded by the R&R.

which Austin's attorneys had already excluded from their fee total; (2) the Magistrate Judge erred by double-counting a $90 reduction (the total of two entries logged by Mr. Odom on September 4, 2013, and one on December 27, 2013) as clerical in nature and deducting them again as vague; and (3) the Magistrate Judge acted beyond her authority by deducting $29,935.50 based on time entries that Rosewood failed to object to.

On *de novo* review, the Court finds Austin's first two objections well-taken, and Rosewood does not argue otherwise.  First, Austin's counsel had already deducted from their request the amount that Mr. Van Sickle identified as unreasonable, and there were no grounds for deducting it again.  Thus, the amount of $886.50 deducted by the R&R based on the expert attorney affidavit will be added back into the fee award.  Second, the R&R twice deducted the $90 total from two entries logged by Mr. Odom (one on September 4, 2013, and one on December 27, 2013).  These entries were correctly deducted as "clerical and ambiguous" on page 22, but the same entries were deducted again as "ambiguous" on page 25.  The Court agrees with Austin that only a single $90 deduction is warranted, and therefore, $90 will be added back into the fee award.

Austin's final objection is that the Magistrate Judge lacked authority to deduct amounts related to the second trial absent a specific objection by Rosewood.

Rosewood did object to some entries logged after the first trial, as listed on Defense Exhibit B6, which totaled $12,468.  The Magistrate Judge rejected those deductions, correctly concluding the entries identified were related to compensable tasks.  However, on considering the time entries logged after the first trial on a line-by-line basis, the Magistrate Judge identified some entries that were related to preparing for and attending the second trial and preparing the appeal, totaling $29,935.50, which were deducted from the fee request.  Austin argues broadly that it was not within the Magistrate Judge's authority to recommend disallowing time entries that Rosewood did not find objectionable.  The Court disagrees.

As correctly noted in the R&R and by Rosewood in response to the objections, the Magistrate Judge not only had the authority but also the responsibility to determine the reasonableness of the requested amount of attorney's fees.  *See ACLU of Ga. v. Barnes*, 169 F.3d 423, 428 (11th Cir. 1999); *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  In doing so, a court has discretion to "conduct an hour-by-hour analysis" *or* "reduce the requested hours with an across-the-board cut."  *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350-51 (11th Cir. 2008) (instructing that it is important to ensure that the court "does not doubly-discount the requested hours"); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  And importantly, the court itself is considered an expert "and may consider

its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). Therefore, the Magistrate Judge was not limited to considering only Rosewood's specific objections.

Because Austin objects to the Magistrate Judge's deduction valued at $29,935.50 for the category of time related to second trial and appeal, the undersigned has carefully reviewed the entries identified in this category as shown on the chart attached to the R&R. On noting the following discrepancies, the Court will modify the R&R accordingly.

For the entry dated May 30, 2017, claiming 1.2 hours by Mr. Barlow, the R&R excluded 1.1 hours of the entry ($313.50), but clearly noted that the reason for the deduction was: ".1 hours for appellate issues." ECF No. 176, at 27. Thus, the deduction for 1.1 hours appears to be in error. Because the description for that entry includes compensable prevailing-party items as well, only the value of ".1 hours for appellate issues" ($28.50) should have been excluded, not 1.1 hours ($313.50), and the difference between them, which is $285, will be added back into the fee award.

The Court also finds that the entry dated March 6, 2018, claiming .2 hours at a rate of $285 ($57) was excluded in error. ECF No. 176, at 28. As noted on the

R&R's chart, there should be no reduction for this entry because it was already excluded by Austin's expert, and yet, the R&R excluded $57 nonetheless, which may have been inadvertent.[3]  Because this appears to be an error, this $57 deduction will be added back into the fee award.

Also, there are four entries in the R&R that were excluded but relate to Austin's successful motion for attorney's fees:  December 17, 2019 (.5 hour at a $300 rate–$150); December 17, 2019 (.5 hours at a $285 rate–$142.50), December 20, 2019 (.5 hours at a $285 rate–$142.50), and December 23, 2019 (.2 hours at a $285 rate–$57).  ECF No. 176 at 32.  These entries total $492.  Generally, a prevailing plaintiff may recover attorney's fees incurred in establishing her entitlement to fees.  *See Thompson v. Pharm. Corp. of Am., Inc.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (awarding fees for litigating entitlement to fees under 42 U.S.C. § 1988).  The Court concludes that these are compensable items and should not have been excluded.  Therefore, $492 will also be added back into the fee award.

---

[3] In fact, Mr. Van Sickle said that only .1 hour of this entry (for drafting a notice of unavailability) should be excluded; he also appears to have inadvertently incorrectly stated the year for the entry as 2016 on his affidavit, but it is clear from the time sheets that he is referring to a March 6, 2018 entry, as stated in the R&R, ECF No. 176 at 28.  In any event, because Mr. Barlow already correctly reduced the fee request by .1 hour based on the expert's finding of unreasonableness, and there was no reason to exclude the other .1 hour (time reviewing an order related to attorney's fees), the $57 entry was incorrectly deducted.

Having fully and carefully considered the objections *de novo*, *see* 28 U.S.C. § 636(b)(1)(B), the Court finds that the R&R is due to be adopted but modified to include the following amounts as well: $886.50 (to avoid a double reduction), $90 (to avoid a double reduction), $285 (the incorrectly deducted portion of the May 30, 2017 entry), $57 (to avoid a double reduction for the March 6, 2018 entry), and $492 (adding back compensable fees related to the successful attorney's fee motion).

Accordingly:

1. The Magistrate Judge's Report and Recommendation, ECF No. 176, is adopted in part, as modified herein. Plaintiff's objections to double-counting of exclusions in the R&R for (1) time related to two clerical and vague entries ($90) and (2) for the amount deducted as unreasonable based on Plaintiff's fee expert, Mr. Van Sickle ($886.50) are **SUSTAINED**; the objection to time entries excluded after the first trial as beyond the Magistrate Judge's authority is **OVERRULED**; and the R&R will be modified to account for errors noted in the chart of deducted entries (in the amounts of $285, $57, and $492), which will be added to the award.

2. Plaintiff's Motion for Determination of Attorney's Fees, ECF No. 163, is **GRANTED** in part and **DENIED** in part.

3.	Plaintiff is awarded $76,105.50[4] in attorney's fees plus $2,067.65 as costs, for a total of $78,173.15.

4.	The Clerk is directed to enter judgment accordingly and close the file.

**DONE AND ORDERED** this 25th day of March 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[4] This represents $74,295 (as awarded in the R&R) + $886.50 +$90 + $285 + $57 + $492 = $76,105.50.